UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARREN DEON JOHNSON,

        Plaintiff,                      Case No. 1:23-cv-991

v.                                          Honorable Paul L. Maloney

UNKNOWN CURLER et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See, e.g.*, Order & J., *Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); Op., Order & J., *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); Order & J., *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Additionally, on multiple occasions, Plaintiff has been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

The present suit is one of scores that Plaintiff has filed during his incarceration. He has filed more than a dozen lawsuits in the federal district courts this year. Indeed, Plaintiff has filed so many frivolous lawsuits that the United States District Court for the Eastern District of Michigan has enjoined Plaintiff from filing any new action without first obtaining leave of court, *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), a restriction that the Sixth Circuit concluded was "justified by Johnson's record of engaging in vexatious litigation." Order, *Johnson v. Correctional Officer Schultz*, No. 22-1520, at 3 (6th Cir. Jan. 13, 2023).

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

3

>assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
>In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id*.

In the present complaint, Plaintiff sues the following Richard A. Handlon Correctional Facility officials: Correctional Officers Unknown Curler, Unknown Sprague, and Unknown Vallad; Residential Unit Manager C. Bandt; Deputy Warden Scott Yokum; Lieutenants J. Basye, Unknown Dettloff, and Unknown Lein; Grievance Coordinator Unknown Wellman; Sergeant Unknown Wale; and Hearings Officer S. Morris. (Compl., ECF No. 1 PageID.2–4.) Plaintiff alleges that Defendants have written false misconducts in retaliation for Plaintiff's grievances, prevented him from presenting evidence at misconduct hearings, taken Plaintiff's property, and placed him on modified grievance access. (*See id.*, PageID.5.) Plaintiff contends that he is in imminent danger of serious physical injury because the "staff corruption and constitutional

4

violations" have caused him "severe chest pain that is continuously getting w[or]ser and severer every time the staff corruption occur[s] and exists leading to a heart attack which Plaintiff is under imminent danger of." (*Id.*)

Although not specifically cited by Plaintiff in this action, in prior actions where he alleged similar symptoms, Plaintiff has cited *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003), in support of his claims of imminent danger. In *Ciarpaglini*, the plaintiff suffered exactly the same symptoms that Plaintiff describes in this action and that he has described in many prior actions. The court in *Ciarpaglini* concluded that the circumstance constituted imminent danger of serious physical injury; however, in *Ciarpaglini,* the constitutional wrong—the denial of medications to treat bipolar disorder, panic disorder, and attention deficit hyperactivity disorder—was alleged to have directly caused the symptoms at issue. That is a far different situation than Plaintiff faces in the present case. For Plaintiff, the alleged retaliatory actions and due process violations apparently cause stress, which, in turn, causes the symptoms.

As the Court has discussed in prior cases, "[t]his particular constellation of symptoms appears to affect Plaintiff quite a bit." *See, e.g.*, *Johnson v. Burt*, No. 1:23-cv-318, 2023 WL 2944987, at *4 (W.D. Mich. Apr. 14, 2023). Specifically, Plaintiff has claimed that he has experienced these symptoms in the following recent cases:

1. On March 29, 2023, Plaintiff alleged in *Johnson v. Burt et al.*, No. 1:23-cv-318 (W.D. Mich.), that he suffered those symptoms as a result of having been exposed to prisoners who had tested positive for COVID-19 in 2020, and as a result of having to pursue his lawsuit for the alleged violation of Plaintiff's Eighth Amendment rights.

2. On March 7, 2023, Plaintiff alleged in *Johnson v. Brooke et al.*, No. 1:23-cv-243 (W.D. Mich.), that he suffered those symptoms as a result of the defendants' failure to properly process his grievances.

3. On March 7, 2023, Plaintiff alleged in *Johnson v. Furmando et al.*, No. 1:23-cv-244 (W.D. Mich.), that he suffered those symptoms as a result of the defendants' retaliatory interference with his legal papers and writing of false misconducts.

4. On March 7, 2023, Plaintiff alleged in *Johnson v. Spitzley et al.*, No. 1:23-cv-245 (W.D. Mich.), that he suffered those symptoms as a result of the defendants' failure to provide him enough sets of clothing and interference with Plaintiff's grievances.

5. On February 13, 2023, Plaintiff alleged in *Johnson v. Mosier et al.*, No. 1:23-cv-169 (W.D. Mich.), that he suffered those symptoms as a result of due process violations from misconduct and grievance proceedings.

6. On December 31, 2022, Plaintiff alleged in *Johnson v. Cobb et al.*, No. 2:23-cv-10092 (E.D. Mich.), that he suffered those symptoms as a result of the defendants' failure to process his grievances.

7. On December 31, 2022, Plaintiff alleged in *Johnson v. Poupard et al.*, No. 2:23-cv-10094 (E.D. Mich.), that he suffered those symptoms as a result of the defendants confiscating his legal papers.

8. On December 22, 2022, Plaintiff alleged in *Johnson v. Austin et al.*, No. 2:23-cv-10021 (E.D. Mich.), that he suffered those symptoms as a result of the defendants' false misconducts, retaliations, and grievance interference.

9. On June 6, 2022, Plaintiff alleged in *Johnson v. Madery et al.*, No. 3:22-cv-11304 (E.D. Mich.), that he suffered similar symptoms (chest and head pains) as a result of the defendants' interference with Plaintiff's access to the courts.

10. On June 3, 2022, Plaintiff alleged in *Johnson v. Schultz et al.*, No. 5:22-cv-11273 (E.D. Mich.), that he suffered chest pains because, two months earlier, two defendants had failed to wear masks, and then the rest of the defendants had failed to process Plaintiff's grievances about it.

11. On March 20, 2022, Plaintiff alleged in *Johnson v. Serminski et al.*, No. 2:22-cv-10660 (E.D. Mich.), that he suffered chest pain and anxiety because on May 25, 2021, the defendants had taken his property and denied him due process and interfered with Plaintiff's right to pursue grievances about it. Plaintiff repeated those imminent danger allegations on appeal, *Johnson v. Serminski*, No. 22-1256 (6th Cir.).

12. On September 25, 2017, Plaintiff alleged in *Johnson v. Miller et al.*, No. 1:17-cv-884 (W.D. Mich.), that he suffered from the *Ciarpaglini* symptoms because the defendants had refused to make photocopies for him or interfered with his grievances about the photocopies.

The Sixth Circuit Court of Appeals, the United States District Court for the Eastern District of Michigan, and this Court have not accepted Plaintiff's conclusory restatement of the *Ciarpaglini* symptoms as an adequate allegation of imminent danger of serious physical injury. In *Johnson v. Serminski*, No. 22-1256 (6th Cir. Dec. 29, 2022), the Sixth Circuit explained:

6

> In his complaint, Johnson alleged that he cannot stop thinking about the loss of his personal property and that his thoughts have resulted in severe chest pain, migraines, and emotional distress—all posing a serious threat to his physical health. But these ailments that Johnson allegedly experiences do not satisfy the serious-physical-injury requirement. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("Chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness can cause discomfort and pain, to be sure. But they are typically temporary and rarely life threatening."). And Johnson's claim that he is at risk of death from a heart attack because of these ailments is not plausible.

*Id*. at p. 3. For the same reasons, Plaintiff has failed to sufficiently allege imminent danger of serious physical injury in this case.

Absent a proper allegation of imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:   November 15, 2023                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

7